UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| KENDALL MITCHELL | CIVIL ACTION |
|---|---|
| VERSUS | |
| SHAW POWER SERVICES, LLC | NO.: 15-00184-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 2)** filed by Defendant Shaw Power Services, LLC ("Shaw"), seeking to dismiss all claims of Plaintiff Kendall Mitchell[1] as time-barred or, in the alternative, as failing to raise a genuine issue of material fact for trial. Mitchell has filed no opposition to Shaw's motion. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. For reasons explained fully herein, Shaw's motion is **GRANTED**.

I. BACKGROUND

On September 16, 2014, Mitchell filed a petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, in which he alleged a claim of employment discrimination in violation of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.* (Doc. 1-1). After being

---

[1] Shaw notes that its records indicate that Plaintiff's first name is "Kindell," although the state court petition spells it as "Kendall." This Court's docket reflects the spelling used in the petition.

1

granted leave by the state court, Mitchell filed an amended petition,[2] adding a claim of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. 1-2 at p. 3). Shaw timely removed the matter to this Court. (*See* Doc. 1 at p. 2).

According to the petition, Mitchell was "passed over" for job promotions while employed at Shaw. Specifically, Mitchell claims that he applied and was interviewed for the position of Transaction Process Manager I between January 2012 and October 2012. (Doc. 1-1 at ¶ 8). He was then denied entry into the position, and he contends that "a white male with lesser experience was immediately hired after being interviewed." (*Id.*). Mitchell asserts that, during the entirety of his employment with Shaw, "his ability to perform his daily assigned job duties was not diminished. He was constantly commended by immediate and other supervisors on his job performance. His experience and knowledge . . . held him in good steady [sic] to be a candidate for the position offered." (*Id.* at ¶ 9).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] Because the amended petition expressly incorporates the original petition, Mitchell's original petition retains legal effect. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (*King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (amended complaint supersedes original complaint and renders it of no legal effect "*unless* amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading" (emphasis added)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

On a Rule 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Where matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views "the evidence in the light most favorable to the non-movant, drawing all reasonable inferences in the non-movant's favor." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005) (citation omitted).

### III. DISCUSSION

#### A. LEDL Claim

Shaw seeks to dismiss with prejudice Mitchell's LEDL claim as time-barred under Louisiana law. Shaw argues that the one-year prescriptive period on his LEDL claim would have extended to, at the latest, April or May of 2014. Mitchell did not file suit until September 2014.

Mitchell's LEDL claim is subject to a prescriptive period of one year, which may be suspended up to six months during the pendency of administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission ("EEOC") or the Louisiana Commission on Human Rights. *See* La. R.S. 23:303(D). The prescriptive period commences at the time the failure to promote occurs. *Sinegal v. Baker Hughes Oilfield Operations, Inc.*, No. CIV.A. 04-CV-1188, 2006 WL 15403, at *7 (W.D. La. Jan. 4, 2006). Here, the face of the petition does not contain a specific date or time frame in which Shaw failed to promote Mitchell, i.e., when the Transaction Process Manager position was filled by

4

somebody else. The Court is thus inclined to convert Shaw's instant motion into a motion for summary judgment, for which it may consider extra-pleading material.

The U.S. Court of Appeals for the Fifth Circuit has advised that "[w]hen the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, [but] when it is scanty, incomplete, or inconclusive, the court will probably reject it." *Isquith ex rel. Isquith v. Middle S. Utils.*, 847 F.3d 186, 194 n.3 (5th Cir. 1988) (5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969)). Here, Shaw has attached a declaration by Shaw's Senior Accounting Manager, Suzan LaFleur, who interviewed candidates, including Mitchell, for the Transaction Processing Manager position at issue. (*See* Doc. 2-2). LaFleur declares, under penalty of perjury, that the successful candidate for the Transaction Processing Manager position was offered the position "on about November 5 and started work in this position on about November 19, 2012." (*Id.* at ¶ 7). Particularly in light of the fact that Mitchell has filed no opposition to Shaw's instant motion, the Court finds that LaFleur's declaration is comprehensive and enables a rational determination of a summary judgment motion. Accordingly, failure to promote Mitchell and the commencement of the prescriptive period occurred, at the latest, on November 19, 2012.

"A defendant seeking to invoke the defense of prescription bears the initial burden of proving that prescription has occurred; if the defendant shows that the time delay has passed between the tortious act and the filing of a lawsuit, then the burden shifts to plaintiff to prove that an exception to prescription applies." *Sinegal*,

5

2006 WL 15403, at *7. Mitchell has not asserted any exception to the standard one-year duration of the prescriptive period. Even if the Court were to afford Mitchell the maximum six-month period of suspension available under Louisiana law during the pendency of administrative review or investigation by the EEOC, the prescriptive period would end eighteen months after November 19, 2012, on May 19, 2014.

Mitchell filed suit in the instant matter in state court on September 16, 2014. (*See* Doc. 1-1 at p. 3). Here, there is no genuine issue as to any material fact regarding the date of the failure to promote and the date of the lawsuit's filing. The petition was filed nearly four months after the maximum prescriptive period available for Mitchell's LEDL claim. Hence, Shaw is entitled to judgment as a matter of law on the LEDL claim, and the claim shall be **DISMISSED WITH PREJUDICE**.

### B. Title VII Claim

Similarly, Shaw argues that Mitchell's Title VII claim should also be dismissed with prejudice as time-barred. Title VII claims must be filed within ninety days of a plaintiff's receipt of the notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). The ninety-day period begins to run "on the date the EEOC right-to-sue is delivered to the offices of formally designated counsel or the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir.1986). When the exact date of receipt of a right-to-sue letter is disputed or unknown, courts presume that the claimant received it between three and seven days after it was mailed. *Taylor v. Books A*

*Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). The Fifth Circuit has held that the ninety-day statutory period is strictly construed. *See id.*

Here, Shaw has attached a copy of the right-to-sue letter sent by the EEOC to Mitchell. (*See* Doc. 2-4). Because this is extra-pleading material that is comprehensive and will enable a rational determination of a summary judgment motion, the Court also considers Shaw's instant motion to be a summary judgment motion for the purposes of evaluating Mitchell's Title VII claim.

The right-to-sue letter from the EEOC, titled a "Dismissal and Notice of Rights" and addressed to Mitchell, explicitly states that it is the only notice of dismissal, and that any lawsuit filed in federal or state court must be brought within ninety days upon receipt of notice. (Doc. 2-4). The letter was mailed on July 1, 2014. (*Id.*). With no evidence presented offering a precise date of receipt, the Court presumes, then, that Mitchell received the letter no later than seven days after, on July 8, 2014. Mitchell would have then had ninety days, or until October 26, 2014 to file his federal claim.

Mitchell filed his original petition in state court in September 2014 asserting an LEDL claim. It was not until February 2015, however, that Mitchell amended his petition to assert the Title VII claim on the same underlying facts. (*See* Doc. 1-2). Thus, Mitchell's Title VII claim will be found timely filed only if the amended petition relates back to the date of the original petition.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amended pleading may relate back to the date of the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Federal Rules, however, only apply to a civil action *after* removal from state court. Fed. R. Civ. P. 81(c)(1). Here, where Mitchell's pleading amendment occurred prior to removal, the state's relation-back statute applies to determine whether the amended petition filed in state court relates back to the date of his original petition. *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014). Louisiana law on the relation back of pleadings arising out of the same conduct mirrors that of the Federal Rules. *See* La. C.C.P. art. 1153 ("When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.").

Here, both Mitchell's LEDL and Title VII claims arise from the same set of facts. Louisiana courts, however, have held that a claim cannot relate back to a claim that has prescribed. "In order for a second amended petition to relate back, the original petition must have been timely filed." *Raymond v. Orleans Parish Sch. Bd.*, 856 So. 2d 27, 31 (La. Ct. App. 2003). *See also Ford v. Murphy Oil, U.S.A., Inc.*, 710 So. 2d 235, 235 (La. 1997) ("Because these amended pleadings will relate back to the originally filed petition, prescription of the individual claims will not be an issue *provided that the original petition was timely filed.*" (emphasis added)); *Estate*

*of Ehrhardt v. Jefferson Parish Fire Dep't*, 108 So. 3d 1223, 1232 (La. Ct. App. 2013) ("[B]ecause the 2009 claim is prescribed, the 2011 claim cannot relate back to that prescribed claim under LSA–C.C.P. art. 1153.").

Here, there is no genuine dispute that Mitchell failed to assert his Title VII claim within the ninety-day statutory period after he received notice of his right to sue. With the Court having found *supra* that Mitchell's LEDL claim is prescribed, Mitchell cannot salvage his Title VII claim by relating it back to his LEDL claim. Shaw is entitled to judgment as a matter of law on the Title VII claim, and the claim shall be **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 2)** filed by Defendant Shaw Power Services, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter brought by Plaintiff Kendall Mitchell is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 11th day of June, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**